UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENALOZA, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-06831-WLH-JC<br><br>**ORDER RE PLAINTIFF'S MOTION TO REMAND [12]** |

　　　The Court is in receipt of Plaintiff's Motion to Remand (the "Motion"). (Mot. to Remand ("Mot."), Docket No. 12). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 13 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for September 26, 2025, is **VACATED**, and the matter is taken off calendar. For the foregoing reasons, the Court **GRANTS** the Motion and **ORDERS** the case be remanded to the Los Angeles Superior Court.

///

///

## I. BACKGROUND

### A. <u>Factual Background</u>

Plaintiff Francisco Valle Penaloza and Jovanny Bojorges-Cruz ("Plaintiffs") filed this action against Defendant General Motors LLC ("Defendant")[1] regarding the purchase of a vehicle (the "Vehicle") on or around September 12, 2020. (Notice of Removal, Docket No. 1 at 1 & Ex. A ("Compl.") ¶ 9). Plaintiffs allege that Defendant breached implied and express warranties due to the Subject Vehicle's "defects" which "substantially impair the use, value, and/or safety of [the] [] Vehicle to Plaintiffs." (*Id.* ¶¶ 13, 27, 31-32, 41).

### B. <u>Procedural Background</u>

Plaintiffs filed the Complaint in the Los Angeles Superior Court on March 13, 2025. (*See* Compl.). Plaintiffs' Complaint includes five causes of action – four state law claims under California's Song-Beverly Consumer Warranty Act (the "SBCWA") and one federal claim under the Magnuson-Moss Warranty Act (the "MMWA"). (*Id.*). Defendant was served with the Complaint on March 18, 2025. (Decl. of Michelle Yang ISO Mot. ("Yang Decl."), Docket No. 12-1 ¶ 5 & Ex. 1). On April 17, 2025, Defendant filed its Answer to the Complaint. (Notice of Removal at 1 & Ex. B ("Ans.")). Thereafter, on July 25, 2025, Defendant removed the action to this Court. (*See generally* Notice of Removal). On August 15, 2025, Plaintiffs filed the Motion before the Court. The Motion is fully briefed.

## II. DISCUSSION

### A. <u>Legal Standard</u>

A defendant may remove a civil action from state court to federal court when original jurisdiction would lie in the court to which the action was removed. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). District courts have original jurisdiction over actions arising under the United

---

[1] Though the Complaint also includes DOES 1-10 as defendants, for purposes of this Order, the Court refers only to the named Defendant, General Motors LLC.

2

1  States Constitution, federal law or a treaty to which the United States is a party
2  ("federal question jurisdiction"), *see* 28 U.S.C. § 1331, as well as over actions
3  involving parties of diverse citizenship with an amount in controversy exceeding
4  $75,000 ("diversity jurisdiction"). 28 U.S.C. § 1332. Federal question jurisdiction is
5  "governed by the 'well-pleaded' complaint rule." *Bartley v. Bank of Am., N.A.*, No.
6  SACV 12-00558-CJC, No. SACV 12-00558-CJC, 2012 WL 13020149, at *1 (C.D.
7  Cal. June 8, 2012) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).
8  "Under this rule, 'federal question jurisdiction exists only when a federal question is
9  presented on the face of a plaintiff's properly pleaded complaint.'" *Id.* (quoting
10 *Caterpillar*, 482 U.S. at 392).

11         Under 28 U.S.C. § 1446(b)(1) ("Section 1446(b)(1)"), a defendant must
12 generally remove an eligible civil action within thirty days of receiving service of the
13 complaint. 28 U.S.C. § 1446(b)(1). A defendant is excused from this requirement
14 under 28 U.S.C. § 1446(b)(3) ("Section 1446(b)(3)"), which provides that if "the case
15 stated by the initial pleading is not removable . . . a notice of removal may be filed
16 within thirty days after receipt by the defendant . . . of a copy of an amended pleading,
17 motion, order, or other paper from which it may first be ascertained that the case is
18 one which is or has become removable." *Id.* § 1446(b)(3). "[A] defendant must file a
19 notice of removal 'containing a short and plain statement of the grounds for
20 removal.'" *Elat Properties, LLC v. Falls Lake Nat'l Ins. Co.*, No. 2:24-cv-05030-
21 SPG-SK, 2024 WL 4149713, at *1 (C.D. Cal. Sept. 11, 2024) (quoting 28 U.S.C.
22 § 1446(a)).

23         "A court may remand for defects other than lack of subject matter jurisdiction
24 only upon a timely motion to remand." *Cole v. Patel*, No. 8:24-cv-02132-JVS, 2024
25 WL 4880745, at *1 (C.D. Cal. Nov. 25, 2024) (citing 28 U.S.C. § 1447(c)) ("A
26 motion to remand [a] case on the basis of any defect other than lack of subject matter
27 jurisdiction must be made within 30 days after the filing of the notice of removal
28 under § 1446(a)"). "The Ninth Circuit has held that a claimed defect for the

3

timeliness of removal is a procedural defect in nature, not jurisdictional." *Id.* "If removal was untimely, then the court may remand on the basis of such procedural defect because Plaintiff did not waive such a defect." *Id.*; *see also Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1121 (9th Cir. 2023) ("[T]he time limit [to remove a case] is mandatory and a timely objection to a late petition will defeat removal"). "It is axiomatic that there is a strong 'presumption against removal jurisdiction [, and that] means that the defendant always has the burden of establishing that removal is proper.'" *Id.* (internal quotation marks omitted) (quoting *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1242 (9th Cir. 2009)).

**B. Analysis**

*1. Removal Was Untimely, and Plaintiffs Timely Moved to Remand*

As an initial matter, Plaintiffs argue Section 1446(b)(1) applies because their "Complaint includes a cause of action brought under federal law." (Mot. at 4). In other words, a "'federal question [wa]s presented on the face of'" Plaintiffs' Complaint, making it immediately removable in theory. *Bartley*, 2012 WL 13020149, at *1 (quoting *Caterpillar*, 482 U.S. at 392). Defendant contends that "[b]ecause the Complaint fails to allege the amount in controversy ('AIC') threshold . . . [which is] $50,000 for [the MMWA][,]" removal was not triggered under Section 1446(b)(1). (Opp'n to Mot., Docket No. 16 at 1). The Court agrees with Defendant.

"The [MMWA] only creates federal question jurisdiction when the amount in controversy exceeds '$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.'" *Adams v. FCA US LLC*, No. 2:20-cv-06143, 2020 WL 5642006, at *1 (C.D. Cal. Sept. 21, 2020) (quoting 15 U.S.C. § 2310(d)(3)(B)). Here, the Complaint is silent as to the amount of damages sought, the value of the Vehicle or other information that would suggest the $50,000 amount in controversy was satisfied. Accordingly, removal was not triggered under Section 1446(b)(1).

Plaintiffs assert that their June 16, 2025, disclosures (the "June Disclosures") triggered removal, as "[t]hose documents supplied all figures needed to calculate actual damages, apply the statutory mileage offset, and determine whether the $50,000 jurisdictional threshold under 15 U.S.C. § 2310(d)(3)(B) was satisfied." (Reply, Docket No. 17 at 4). They contend that "[o]nce Plaintiffs produced the Sales Agreement and repair orders on June 16, 2025, . . . the removability of the case was no longer ambiguous." (*Id.*).

Defendant argues in its opposition that, although the June Disclosures "provide[d] the purchase price, it [wa]s not 'unequivocally clear and certain' as to other necessary values to calculate damages under the Commercial Code." (Opp'n to Mot. at 13-14) (quoting *Schneider v. Ford Motor Co.*, 756 Fed.Appx. 699, 701 n.3 (9th Cir. 2018)). Accordingly, Defendant contends that Section 1446(b)(3) was never triggered at all. (*See* Opp'n to Mot. at 7) (arguing that Plaintiffs never "serve[d] an 'other paper' that triggered the deadline to remove under [Section] 1446(b)(3)"). To that end, Defendant contends that its "removal was timely because [Defendant] removed based on its [own] investigation."[2] (*Id*. at 8).

The Court is not convinced by this argument. Had Defendant identified what *specific* information was absent from these June Disclosures – such as repair orders that were subsequently provided at a later date – which rendered it impossible to calculate actual damages on June 16, 2025, the Court might be persuaded. *See, e.g., Lopez v. General Motors, LLC*, No. CV 25-06549-MWF, 2025 WL 2629545, at *3 (C.D. Cal. Sept. 11, 2025) ("*Lopez*") (finding that the original statutory disclosures of the repair records and sales agreement were insufficient to trigger removal where

---

[2] Indeed, Defendant's Notice of Removal merely opaquely asserts that "[i]n the last 30 days . . . [Defendant] conducted a preliminary investigation" and determined that "the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiffs' allegations plausibly [gave] rise to subject matter jurisdiction." (Notice of Removal at 2). Defendant does not make clear what such an investigation involved, nor mentions the June Disclosures at all. (*See generally id.*).

certain repair records were only subsequently provided at a later date).³ Defendant did no such thing, choosing instead to ignore the June Disclosures entirely and to rely on cryptic references to a "preliminary investigation."

Accordingly, the Court agrees that the June Disclosures are the "other paper" that triggered the removal clock. Defendant, therefore, would had to have removed the action by July 16, 2025. *See* 28 U.S.C. § 1446(b)(3). Defendant removed the action on July 25, 2025. (*See* Notice or Removal). The removal was, therefore, untimely under Section 1446(b)(3). Given the strong "presumption against removal jurisdiction" – requiring "strictly constru[ing] the removal statute,'" *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)) – in addition to the "bright-line approach" to determining removability, Defendant has failed to carry its burden to suggest removal was proper. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

Given Plaintiffs' Motion is based on a "procedural defect," they had thirty days to move to remand. *See* 28 U.S.C. § 1447(c) ("A motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446"). Here, Defendant filed its Notice of Removal on July 25, 2025. (*See* Notice of Removal). Plaintiffs filed their Motion on August 15, 2025. (*See* Mot.). As a result, Plaintiffs timely filed their Motion. The Court, therefore, may remand the action, as Plaintiffs did not "waive" their objection to the procedurally deficient removal.⁴ *Cole*, 2024 WL 4880745, at *1.

---

³ The Court is in receipt of Defendant's Notice of Supplemental Authority, in which it cites to *Lopez*. (*See* Docket No. 18-1, Ex. A). The Court finds the case distinguishable, where the defendant there had specifically identified what information was absent from the statutory disclosures, why that information was necessary to calculate the amount in controversy and when it was subsequently received. Here, Defendant has done nothing to explain what was absent from the June Disclosures, why such information was necessary to calculate the amount in controversy or at what later date it was received. Accordingly, *Lopez* is distinguishable.

⁴ Though Plaintiffs presented other arguments, the Court need not reach them, as this

6

1  Accordingly, the Court **GRANTS** the Motion and **ORDERS** the case be remanded to
2  the Los Angeles Superior Court.

        *2. Though Attorney's Fees Under Section 1447(c) Are Appropriate, the Court Lacks Sufficient Information to Determine Fees Are Reasonable*

Under 28 U.S.C. § 1447(c) ("Section 1447(c)"), upon granting a motion to remand, a court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This is particularly appropriate when "the removing party lacked any objectively reasonable basis for seeking removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

Plaintiffs contend that Defendant "fails to provide *any legal or factual analysis, whatsoever*, to support [the] contention [that] removal was timely and proper." (Mot. at 10) (emphasis in original). The Court agrees. Defendant's asserting that removal was based on its own investigation – rather than the June Disclosures, which are not even acknowledged – appears to be a transparent attempt to avoid admitting that removal was untimely. (*See generally* Notice of Removal). As a result, the Court agrees with Plaintiffs that Defendant "lack[ed] any 'objectively reasonable basis for seeking removal.'" (Mot. at 10) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). As such, awarding attorney's fees in this context is appropriate.

A court awarding attorneys' fees must, however, confirm that both the attorney's rate and the number of hours expended are reasonable, "considering counsel's years of experience and comparable rates charged in this District[,]" as well as the "nature and complexity of the issues presented." *Everest Sys. Co. v. Platinum Roofing, Inc.,* No. 19-cv-03133-BLF, 2019 WL 3387951, at *2 (N.D. Cal. Jul. 26, 2019). Attorney's fees are reasonable when the number of hours spent and the hourly

---

issue is dispositive. (*See* Mot. at 5-8).

rates billed are consistent with the hours and rates of "reasonably competent counsel." *Venegas v. Mitchell*, 495 U.S. 82, 86 (1990).

      Beginning with the hours expended, the Court finds the number of hours reasonable. "In determining whether the requested number of hours reflects the number reasonably competent counsel would have billed, the court first considers the reasonableness of the requested number of hours." *Baker v. Powdermet, Inc.*, No. 2:08-cv-2209-FMC, 2008 WL 11338101, at *2 (C.D. Cal. Sept. 30, 2008) (assessing breakdown of hours counsel purportedly spent on different tasks in terms of reasonableness). According to Plaintiff's counsel's declaration, she spent 6.49 hours on filing this Motion. (*See* Yang Decl. ¶ 11). The Court finds that reasonably competent counsel would have billed at least 6.49 hours on this motion. *See, e.g., Wong v. Costco Wholesale Corp.*, No. 8:18-cv-02191-JVS, 2019 WL 446226, at *2 (finding reasonable 9 hours spent on a motion to remand where removal was untimely and granting attorney's fees of $4,500); *see also Hearden v. Windsor Redding Care Center, LLC*, No. 2:22-cv-00994-MCE-DMC, 2023 WL 2159887, at *1 (E.D. Cal. Feb. 22, 2023) (finding reasonable 24 hours spent on a motion to remand alone). Nor does Defendant present meaningful argument as to why the number of hours spent was *not* reasonable. Accordingly, the Court concludes that expending 6.49 hours on this Motion was reasonable.

      The Court, however, lacks sufficient information to confirm that the requested rate is reasonable. "In determining a reasonable hourly rate, the fee applicant has the burden of producing 'satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Silverman v. Silverman*, No. 15-cv-02108-AJB-BLM, 2016 WL 10894424, at *16 (S.D. Cal. Jan. 14, 2016), *aff'd* 703 Fed.Appx. 596 (9th Cir. 2017) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). "'Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community . . .

are satisfactory evidence of prevailing market rates.'" *Id*. (quoting *United Steelworkers of Am. v. Phelps Dodge Corp*., 896, F.2d 403, 407 (9th Cir. 199)). Plaintiffs request $450 per hour for counsel Michelle Yang ("Yang"), which Yang contends is "reasonable and consistent with what has been approved by the courts." (Yang Decl. ¶ 12). That is the extent of the "evidence" provided by Yang to demonstrate that her hourly rate is reasonable. Yang has not included any information about her level of experience, which makes it impossible for the Court to determine whether the "requested rate[] [is] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Silverman*, 2016 WL 10894424, at *16. Accordingly, the Court **DENIES** the Request for attorney's fees under Section 1447(c).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **ORDERS** the case be remanded to the Los Angeles Superior Court and this federal file closed. The Court **DENIES** Plaintiffs' request for attorney's fees pursuant to Section 1447(c).

**IT IS SO ORDERED.**

Dated: September 23, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE